ATTORNEY DISCIPLINARY PROCEEDING PER CURIAM | pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal disability inactive status against respondent, Erich Webb Bailey,[1] an attorney licensed to practice law in the States of Louisiana and Tennessee, based upon his transfer to disability inactive status by the Supreme Court of Tennessee. UNDERLYING FACTS AND PROCEDURAL HISTORY On October 27, 2017, the Supreme Court of Tennessee issued an order transferring respondent to disability inactive status because his medical records show he is “currently incapacitated from continuing the practice of law.” This order established that respondent “shall be transferred to disability inactive status for an indefinite period of time and until further orders of the Supreme Court [of Tennessee].” After receiving notice of the order transferring respondent to disability inactive status in Tennessee, the ODC filed a motion to initiate reciprocal disability inactive status proceedings in Louisiana, pursuant to1 Supreme Court Rule XIX, § 21. A certified copy of the decision and order of the Supreme Court of Tennessee |gwas attached to the motion. On December 15, 2017, this court rendered an order giving respondent thirty days to demonstrate why transferring him to disability inactive status in this state would be unwarranted. Respondent failed to file any response in this court. DISCUSSION The standard for transferring an attorney to disability inactive status on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides, in pertinent part: Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose ... disability inactive status unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that: ... (5) the reason for the original transfer to disability inactive status no longer exists. ■If this court determines that any of ' those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate , that the imposition of the same discipline is not appropriate. According to the record, respondent provided the Supreme Court of Tennessee with medical records indicating he is unable to practice law. After considering those medical records, the Supreme Court of Tennessee' transferred respondent to disability inactive status. The imposition of reciprocal disability inactive status in Louisiana is clearly appropriate, and there is no suggestion otherwise upon the face of the record. Accordingly, we will transfer respondent to disability inactive status as was imposed in Tennessee. | «DECREE Considering the Petition for Reciprocal Disability Inactive Status filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Erich Webb Bailey, Louisiana Bar Roll number 32822, be and he hereby is transferred to disability inactive status. . Respondent is currently On interim suspénsion in Louisiana pursuant to a petition for reciprocal discipline. In re: Bailey, 17-1693 (La. 12/15/17), 231 So.3d 606.